**UNITED STATES of America, Appellee,**

v.

**Robert Darin CRUTE, Defendant–Appellant.**

No. 15–2099

United States Court of Appeals, Second Circuit.

August 17, 2016

For Appellee: Emily Berger, Hiral D. Mehta, Assistant United States Attorneys, for Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, NY.

For Defendant–Appellant: Colleen P. Cassidy, Federal Defenders of New York, Inc., New York, NY.

PRESENT: ROBERT A. KATZMANN, Chief Judge, ROBERT D. SACK, PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Robert Darin Crute appeals from a judgment of conviction entered on June 19, 2015, by the United States District Court for the Eastern District of New York (Irizarry, *J.*), revoking Crute's supervised release and imposing a five-year prison sentence. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Crute principally argues that the district court committed plain error by relying on an incorrect Guidelines range—an error that neither party noticed at the time—when imposing his sentence. Specifically, Crute argues that the U.S. Probation Office ("Probation") erroneously calculated his Guidelines range based on a mistaken assertion that his criminal history category was VI, when it was actually IV, which resulted in a higher Guidelines range. The district court relied on the erroneous Guidelines range when imposing Crute's sentence. The government agrees that Probation erroneously stated Crute's criminal history category, and it further agrees that the case should be remanded for resentencing because the district court's reliance on the erroneous Guidelines calculation constitutes plain error.

We likewise conclude that the case should be remanded in light of this undisputed plain error. *See United States v. Wernick*, 691 F.3d 108, 113–14 (2d Cir. 2012); *see also Molina–Martinez v. United States*, —— U.S. ——, 136 S.Ct. 1338, 1346, 194 L.Ed.2d 444 (2016) ("In most cases a defendant who has shown that the district court mistakenly deemed applicable an incorrect, higher Guidelines range has demonstrated a reasonable probability

of a different outcome.”); *id.* at 1347 (“The Government remains free to ‘poin[t] to parts of the record’—including relevant statements by the judge—‘to counter any ostensible showing of prejudice the defendant may make.’ ” (alteration in original) (quoting *United States v. Vonn*, 535 U.S. 55, 68, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002))). And because we are remanding for resentencing based on this undisputed procedural error, we need not reach Crute’s other arguments regarding the reasonableness of his sentence. *See United States v. Williams*, 524 F.3d 209, 214 (2d Cir. 2008).

For the reasons stated herein, the sentence of the district court is **VACATED,** and the case is remanded for resentencing consistent with this order.